# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ricardo Fishburne, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:21-cv-03542-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| S.C. Department of Corrections, ) | |
| A/W Anne Sheppard, Warden ) | |
| Brian Kendell, A/W Clark, ) | |
| Director Brian Stirling, Sergeant ) | |
| Howard, Classification Ravenel, ) | |
| and SLED ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Ricardo Fishburne ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action in state court alleging the Defendants violated his constitutional rights. (ECF Nos. 1-1 at 13–27; 8; 9). On October 28, 2021, Defendants removed the action to federal district court. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.).

In connection with his action, Plaintiff submitted a motion for a preliminary injunction. (ECF No. 7). Before the court now is the magistrate judge's Report and Recommendation ("Report") recommending that the court deny the motion for a

preliminary injunction. (ECF No. 21 at 8). Plaintiff submitted objections to the Report (ECF No. 48), and the matter is ripe for review.

## I. BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 21 at 2–7). The court notes that many of Plaintiff's allegations in this action are identical to those asserted by Plaintiff in previous lawsuits which this court dismissed as frivolous. *See Fishbourne v. Fed. Bureau of Investigation*, No. 8:20-cv-01480-TMC, 2020 WL 2785021, at *3 (D.S.C. May 28, 2020), *aff'd*, 832 Fed. App'x 222 (4th Cir. 2020); *Fishbourne v. Williams et al.*, No. 8:21-cv-2964-TMC, Dkt. no. 29 (D.S.C. June 30, 2022). Briefly, Plaintiff asserts that the alleged constitutional violations at issue arose from a conspiracy between Defendant South Carolina Department of Corrections ("SCDC") and federal agencies including the FBI, the IRS, and the DEA to control a "snitch network" to harass and "hunt the Plaintiff" using telepathy to locate his "mind's address." (ECF No. 1-1 at 18). Plaintiff contends that Defendants failed to protect him in violation of the Eighth Amendment by placing him in a housing unit for more dangerous offenders than Plaintiff's classification requires and by permitting or directing other inmates who are apparently part of the government-controlled "snitch network" to assault Plaintiff. *Id*. at 14–18. Specifically, Plaintiff claims a "mailroom lady" lured him out of his

cell into a trap wherein a number of inmate gang members attacked him. *Id*. at 13–14. Plaintiff seeks injunctive relief in the form of a transfer out-of-state or to a federal prison or a psychiatric hospital. *Id*. at 24. He also seeks monetary relief. *Id*.

In his motion for a preliminary injunction, (ECF No. 7), Plaintiff repeats the general allegations of his complaint that he is being targeted by a government-controlled prison network and asserts that his life is in danger. Plaintiff asks for an order transferring him out of his current SCDC facility. *Id*. at 1.

In her Report, the magistrate judge applied the standard set forth in *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7 (2008), to Plaintiff's request for a preliminary injunction. (ECF No. 21 at 6). Under *Winter*, the party pursuing the preliminary injunction must show:

> 1) he is likely to succeed on the merits,
>
> 2) he will suffer irreparable harm if the preliminary injunction is not granted,
>
> 3) the balance of equities favors him, and
>
> 4) the injunction is in the public interest.

555 U.S. at 20.

The magistrate judge concluded, in pertinent part, as follows:

> Plaintiff is not entitled to a preliminary injunction because he has not shown that he can satisfy the test articulated in *Winter*. Plaintiff cannot show he is likely to succeed on the merits, as he has offered nothing beyond his own conjecture to substantiate his allegations that Defendants are using him as bait to create a snitch network at the prison and directing gang members to hunt him

3

> down and lynch him. Moreover, there is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution.

(ECF No. 21 at 7). The magistrate judge further noted that "[t]he placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review unless state or federal law places limitations on official discretion." *Id*. at 8 (citing *Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984)). The magistrate judge found that "[b]ecause it appears that Plaintiff has been committed to the custody of SCDC, the choices related to Plaintiff's housing are to be determined by SCDC prison officials without interference by the federal courts," and that Plaintiff failed to make a clear showing of a likelihood of success on the merits of his claims. *Id*. at 8. Accordingly, the magistrate judge recommended the court deny Plaintiff's motion for a preliminary injunction. *Id*.

## II. STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of

the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate

5

judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff filed objections to the Report. (ECF No. 48). Although the objections were filed almost one month after the expiration of the deadline for filing objections, the court, out of an abundance of caution, will consider them on the merits. In his objections, Plaintiff largely restates the allegations and claims set forth in the complaint. *Compare id.*, *with* (ECF No. 1-1). He also presents a few new claims not before the magistrate judge, asserting, for example, that during the attacks on him various Defendants were not manning their posts in violation of SCDC policy. *Id.* at 1–3. Plaintiff's objections, however, fail to address the dispositive portions of the Report, particularly the magistrate judge's conclusion that Plaintiff has been committed to the custody of SCDC and, therefore, that the choices related

to Plaintiff's housing are to be determined by SCDC prison officials without interference by the federal courts. Accordingly, the court overrules Plaintiff's objections. (ECF No. 7).

## IV. CONCLUSION

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 21), and incorporates it herein. Accordingly, Plaintiff's motion for a preliminary injunction (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 7, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.