# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ricardo Fishburne, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:21-cv-03542-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| S.C. Department of Corrections, A/W Anne Sheppard, Warden Brian Kendell, A/W Clark, Director Brian Stirling, Sergeant Howard, Classification Ravenel, and SLED | ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Ricardo Fishburne ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action in state court alleging the Defendants violated his constitutional rights. (ECF Nos. 1-1 at 5–9, 13–27; 8; 9). On October 28, 2021, Defendants removed the action to federal district court. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.).

Plaintiff has filed a host of motions including the three at issue here: (1) a motion for "Summary Judgment/Emergency Preliminary Injunction," (ECF No. 34); (2) another identical motion for "Summary Judgment/Emergency Preliminary Injunction," (ECF No. 35); and (3) a motion to amend or supplement the complaint,

(ECF No. 54).    Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court deny each motion.  (ECF No. 68).  Plaintiff submitted objections to the Report (ECF No. 78), and the matter is ripe for review.

## I. BACKGROUND

The Report sets forth the relevant facts and legal standards, which are incorporated herein by reference.  *See* (ECF No. 68 at 2–3).[1]  Briefly, Plaintiff asserts that the alleged constitutional violations at issue arose from a conspiracy between Defendant South Carolina Department of Corrections ("SCDC") and federal agencies including the FBI, the IRS, and the DEA to control a "snitch network" to harass and "hunt the Plaintiff" using telepathy to locate his "mind's address."  (ECF No. 1-1 at 18).  Plaintiff contends that Defendants failed to protect him in violation of the Eighth Amendment by placing him in a housing unit for more dangerous offenders than Plaintiff's classification requires and by permitting or directing other inmates who are apparently part of the government-controlled "snitch network" to assault Plaintiff.  *Id*. at 14–18.  Specifically, Plaintiff claims a "mailroom lady" lured him out of his cell into a trap wherein a number of inmate gang members attacked

---

[1] The court notes that many of Plaintiff's allegations in this action are identical to those asserted by Plaintiff in previous lawsuits which this court dismissed as frivolous.  *See Fishbourne v. Fed. Bureau of Investigation*, No. 8:20-cv-01480-TMC, 2020 WL 2785021, at *3 (D.S.C. May 28, 2020), *aff'd*, 832 Fed. App'x 222 (4th Cir. 2020); *Fishbourne v. Williams et al.*, No. 8:21-cv-2964-TMC, Dkt. no. 29 (D.S.C. June 30, 2022).

him. *Id*. at 13–14. Plaintiff seeks injunctive relief in the form of a transfer out-of-state or to a federal prison or a psychiatric hospital. *Id*. at 24. He also seeks monetary relief. *Id*.

Prior to filing the identical motions for summary judgment and/or emergency injunction relief currently pending before the court, (ECF Nos. 34, 35), Plaintiff previously filed a similar motion for a preliminary injunction (ECF No. 7) which the magistrate judge recommended that the court deny (ECF No. 21 at 8). Applying the standard set forth in *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7 (2008), the magistrate judge concluded, in pertinent part, as follows:

> Plaintiff is not entitled to a preliminary injunction because he has not shown that he can satisfy the test articulated in *Winter*. Plaintiff cannot show he is likely to succeed on the merits, as he has offered nothing beyond his own conjecture to substantiate his allegations that Defendants are using him as bait to create a snitch network at the prison and directing gang members to hunt him down and lynch him. Moreover, there is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution.

(ECF No. 21 at 7). The magistrate judge further noted that "[t]he placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review unless state or federal law places limitations on official discretion." *Id*. at 8 (citing *Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984)). The

magistrate judge found that, "[b]ecause it appears that Plaintiff has been committed to the custody of SCDC, the choices related to Plaintiff's housing are to be determined by SCDC prison officials without interference by the federal courts," and that Plaintiff failed to make a clear showing of a likelihood of success on the merits of his claims. *Id*. at 8.  On July 7, 2022, this court entered an order adopting the magistrate judge's recommended disposition and denying Plaintiff's initial motion for a preliminary injunction.  (ECF No. 139).

## II. REPORT

With respect to Plaintiff's identical motions for summary judgment and/or emergency injunction relief currently before the court, (ECF Nos. 34, 35), the magistrate judge applied the appropriate legal principals established in *Winter* and found "nothing that would warrant a different result" from Plaintiff's first motion for a preliminary injunction and recommended the court deny these motions "for the reasons set out in [the] earlier-issued Report [ECF No. 21]."  (ECF No. 68 at 8).  The magistrate judge further determined that Plaintiff failed to show he is entitled to summary judgment under Rule 56 of the Civil Rules of Civil Procedure and, accordingly, recommended that the court deny these motions to the extent Plaintiff believes he is entitled to summary judgment.  *Id*.

With respect to Plaintiff's motion to amend or supplement the complaint, (ECF No. 54), the magistrate judge recommended that the court deny the motion

"because an amendment at this stage in the litigation would unfairly prejudice Defendants" who had "already responded to Plaintiff's motion for summary judgment" and were facing deadlines to file dispositive motions of their own. *Id*. at 9. Additionally, the magistrate judge found that an "amendment would be futile insofar as Plaintiff's new allegations are incoherent, fantastical, and nonsensical." *Id*. at 9 n.2.

### III. STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel*

*of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently

6

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. DISCUSSION

The court concludes that the Report correctly states and applies the governing legal principles, and the court agrees with the findings and conclusions set forth in the Report. The court has carefully considered Plaintiff's objections to the Report, (ECF No. 78), and finds no reason to deviate from the magistrate judge's recommended disposition of these motions (ECF Nos. 34, 35, 54). Plaintiff's objections merely restate allegations and claims set for in the complaint and other filings in this action. Plaintiff fails to address the dispositive portions of the Report and does not specifically object to the bases for the magistrate judge's conclusions and recommendations. Accordingly, the court overrules Plaintiff's objections. (ECF No. 78).

## V. CONCLUSION

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 68), and incorporates it herein. Therefore, Plaintiff's two identical motions for "Summary Judgment/Emergency Preliminary Injunction," (ECF Nos. 34, 35) and his motion to amend or supplement the complaint, (ECF No. 54), are all **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 18, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.