# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ricardo Fishburne, *a/k/a Ricardo Fishbourne*, | ) ) ) | Civil Action No. 8:21-cv-03542-TMC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| S.C. Department of Corrections, A/W Anne Sheppard, Warden Brian Kendell, A/W Clark, Director Brian Stirling, Sergeant Howard, Classification Ravenel, and SLED, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Ricardo Fishburne ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action in state court alleging the Defendants violated his constitutional rights. (ECF Nos. 1-1 at 5–9, 13–27; 8; 9). Plaintiff also appears to allege claims for negligence and defamation under state law. *Id*. On October 28, 2021, Defendants removed the action to federal district court. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.).

Plaintiff has filed a flurry of motions over the course of this action, including a motion for a preliminary injunction, (ECF No. 7), which the court denied on July 7, 2022. (ECF No. 139). Plaintiff then filed an interlocutory appeal of the denial of

his motion for preliminary injunctive relief (ECF No. 143). On November 3, 2022, the Fourth Circuit Court of Appeals affirmed the court's order. (ECF No. 167). Plaintiff filed motions for summary judgment and, once again, for injunctive relief, (ECF Nos. 34; 35), both of which the court denied on July 18, 2022 (ECF No. 141). Plaintiff also filed six motions to compel (ECF Nos. 97; 98; 104; 119; 159; and 160), all of which were denied by the magistrate judge as without merit (ECF Nos. 109; 110; 121; 122; 165). Additionally, the magistrate judge denied a handful of motions filed by the Plaintiff that were either unintelligible, frivolous or clearly without merit, including a "Motion for Whistleblower Protection Act" (ECF Nos. 120; 131), a Motion for a Speedy Trial (ECF Nos. 153; 155), and a motion to show cause (ECF Nos. 124; 136).

Now pending before the court is Defendants' motion for summary judgment, (ECF No. 72), and three more motions filed by Plaintiff: Plaintiff's third motion for a preliminary injunction or a temporary restraining order (ECF No. 77); Plaintiff's motion for Declaratory Judgment (ECF No. 80); and Plaintiff's motion for joinder (ECF No. 169). The magistrate judge issued a Report and Recommendation ("Report") recommending that the court grant Defendants' motion for summary judgment and deny Plaintiff's motions. (ECF No. 171 at 27). Plaintiff submitted objections to the Report (ECF No. 173), and, on the same day, also moved for reconsideration of the Report (ECF No. 175), which Defendants opposed (ECF No.

176).  Because the court had not addressed the Report at the time Plaintiff filed his motion for reconsideration, the court construes the motion for reconsideration as setting forth supplemental objections to the Report.

## I. BACKGROUND and REPORT

The Report thoroughly sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 68 at 2–3).  Briefly, Plaintiff asserts that the alleged constitutional violations at issue arose from a conspiracy between Defendant South Carolina Department of Corrections ("SCDC") and federal agencies including the FBI, the IRS, and the DEA to control a "snitch network" to harass and "hunt the Plaintiff" using telepathy to locate his "mind's address."  (ECF No. 1-1 at 18).  Plaintiff contends that Defendants failed to protect him in violation of the Eighth Amendment by placing him in a housing unit for more dangerous offenders than Plaintiff's classification requires and by permitting or directing other inmates who are apparently part of the government-controlled "snitch network" to assault Plaintiff.  *Id*. at 14–18.  Specifically, Plaintiff claims a "mailroom lady" lured him out of his cell into a trap wherein a number of inmate gang members attacked him.  *Id*. at 13–14.  Plaintiff seeks injunctive relief in the form of a transfer out-of-state or to a federal prison or psychiatric hospital.  *Id*. at 24.  He also seeks monetary relief.  *Id*.

Defendants' Motion for Summary Judgment (ECF No. 72)

In addressing Defendants' motion for summary judgment (ECF No. 72), the magistrate judge first found that the allegations in this action are duplicative of those made in at least two previous actions that were summarily dismissed—*Fishbourne v. FBI*, No. 8:20-cv-1480-TMC (D.S.C. May 28, 2020), *aff'd*, 832 Fed. App'x 222 (4th Cir. 2020) ("*Fishbourne I*"), and *Fishbourne v. Williams et al.*, No. 8:21-cv-2964-TMC, Dkt. no. 29 (D.S.C. June 30, 2022) ("*Fishbourne II*"). The magistrate judge determined that Plaintiff's claims were previously decided on the merits in this court in *Fishbourne I* and *Fishbourne II* "and Plaintiff lost." (ECF No. 171 at 11). Accordingly, the magistrate judge concluded that Plaintiff's claims in this action for damages under § 1983 are barred by the doctrine of *res judicata*. *Id*.

Next, the magistrate judge determined that the complaint is subject to dismissal as it sets forth frivolous allegations and fails to state a viable claim for relief. *Id*. at 11–14. The Report assessed Plaintiff's allegations—such as Plaintiff's claims that Defendants are operating a cell phone "snitch" network to control the prisoners and that Defendants are "telepathy hunting [Plaintiff's] mind address"— as frivolous and lacking any basis in the law. *Id*. at 12–13. Additionally, the magistrate judge concluded the court cannot grant Plaintiff's demand that he be placed in protective custody or transferred to another prison facility, explaining that "there is no constitutional right for a state prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a

correctional institution" and that the state's designation of inmates to particular prisons or units are discretionary functions that "are not subject to review unless state or federal law places limitations on official discretion." *Id*. at 13–14.

The magistrate judge also concluded that none of the Defendants are amendable to suit under § 1983. *Id*. at 14–18. As to Defendants SCDC and SLED, the magistrate judge concluded that summary dismissal is appropriate because neither SCDC nor SLED are "persons" subject to suit under § 1983 and, as agencies of the State of South Carolina, both are shielded by Eleventh Amendment immunity in this case. *Id*. at 15–16. With regard to the individual Defendants A/W Anne Sheppard, Warden Brian Kendell, A/W Clark, Director Brian Stirling, Sergeant Howard, and Classification Ravenel, the magistrate judge found that Plaintiff failed to "allege facts showing their direct involvement in any alleged unconstitutional conduct" and asserts only "general, vague allegations collectively against all Defendants." *Id*. at 16. Thus, the magistrate judge concluded this action is subject to summary dismissal as to the individual Defendants on this additional basis. *Id*. at 17. Furthermore, the magistrate judge noted that "the Complaint contains no plausible allegations against these individual Defendants to demonstrate that they were aware of, or deliberately indifferent to, any constitutional risk of injury to

Plaintiff" such that the individual Defendants would be liable in a supervisory capacity. *Id*. at 18.[1]

Finally, the magistrate judge concluded that Plaintiff's action is subject to dismissal on the additional basis that Plaintiff failed to exhaust his administrative remedies: "Defendants have proffered evidence showing that Plaintiff failed to exhaust his administrative remedies prior to filing suit. On the other hand, there is no evidence that the administrative remedies were unavailable to Plaintiff. None of Plaintiff's claims were fully and properly exhausted prior to the filing of the Complaint as required . . . [and] summary judgment should be granted for the Defendants on this basis as well." *Id*. at 24.

<u>Plaintiff's Motions</u>

With respect to Plaintiff's motion for a temporary restraining order and/or for a preliminary injunction (ECF No. 77), the Report noted first that the motion should be denied as moot if the court grants Defendants' motion for summary judgment. *Id*. at 25. The magistrate judge then identified additional bases for denying this motion: (1) that Plaintiff cannot show he is likely to prevail on the merits as "he has offered nothing beyond his own conjecture to substantiate . . . that Defendants are using him as bait to create a snitch network at the prison and directing gang members

---

[1] The Report also recognizes that the individual Defendants are entitled to dismissal in their official capacities because state officials acting in their official capacities are not "persons" within the meaning of § 1983. *Id*. at 18.

to hunt him down and lynch him"; and (2) that the Court cannot grant the requested

relief because there is no constitutional right to be housed in a particular prison, to

be designated at a particular custody level, or to be placed in a particular unit." *Id*.

Regarding Plaintiff's motion for declaratory judgment (ECF No. 80)—in

which he seeks an order declaring that Defendants' failure to place him in protective

custody violates the constitution—the magistrate judge again recommends that the

motion be denied as moot if summary judgment is granted in favor of the

Defendants. (ECF No. 171 at 25). Additionally, the magistrate judge notes that the

court cannot grant the relief requested for the same reasons that it cannot grant the

relief requested in Plaintiff's motion for a temporary restraining order/preliminary

injunction. *Id*. at 25–26.

Finally, as to Plaintiff's motion for joinder (ECF No. 169) asking that an

action pending in state court be joined with the instant action pending in this court,

the magistrate judge concluded that the motion should be denied as moot and as

impermissible under the applicable procedural rules as the state action involves

"separate and independent claims" from those asserted in the instant action. *Id*. at

26–27.

## II. STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and

this court remains responsible for making a final determination in this matter.

*Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).    The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.    28 U.S.C. § 636(b)(1).    However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).    "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).    On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of

arguments made in his response in opposition to Respondent's Motion for Summary

Judgment . . . do not alert the court to matters which were erroneously considered

by the Magistrate Judge"). Furthermore, in the absence of specific objections to the

Report, the court is not required to give any explanation for adopting the magistrate

judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734,

737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with

construing his filings liberally in order to allow for the development of a potentially

meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574

F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can

ignore the Plaintiff's failure to allege or prove facts that establish a claim currently

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d

387, 391 (4th Cir. 1990).

### III. DISCUSSION

The court concludes that the Report correctly states and applies the governing

legal principles, and the court agrees with the findings and conclusions set forth in

the Report. The court has carefully considered Plaintiff's objections to the Report,

(ECF Nos. 173; 173-4; 175), and finds no reason to deviate from the magistrate

judge's recommended disposition of these motions. Plaintiff devotes a significant

portion of his voluminous objections to generally reasserting and realleging his

claims; however, the court has gleaned a few potentially specific objections to the Report and briefly discusses them herein.

Plaintiff objects to the recommendation that Defendants' motion for summary judgment be granted on the grounds that there are numerous discovery requests outstanding. (ECF Nos. 173 at 2–3, 9; 173-4 at 2). Plaintiff cites *Goodman v. Diggs*, 986 F.3d 493 (4th Cir. 2021), which vacated the grant of summary judgment on the basis that "summary judgment was premature because outstanding discovery requests existed on material issues." *Id*. at 500. In support of this objection, Plaintiff points to two affidavits he filed (ECF No. 173 at 3) indicating Plaintiff had requested an incident report and medical reports from August 12, 2021, SCDC "Post orders," and "Kiosk electronically stored information" from June 1, 2021, until the present, and the Roth Report on prison violence in SCDC facilities. *See* (ECF Nos. 130; 138). None of this information purportedly sought in discovery relates to the magistrate judge's bases for recommending summary judgment on Plaintiff's § 1983 claims—that these claims are barred by *res judicata*, that the basis for Plaintiff's specific claims is frivolous, and that each of the Defendants is not amendable to suit under § 1983. Accordingly, the court overrules this set of objections.

Plaintiff objects to the magistrate judge's conclusion that his § 1983 action is barred by *res judicata* because, according to Plaintiff, his previous actions did not allege that he was assault on August 12, 2021 or allege "defamation." (ECF No. 173

at 3). The *res judicata* bar applies not only to claims previously litigated on the

merits but also to claims that could have been brought in the prior action. *See Laurel*

*Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). This action, like

*Fishbourne I & II*, "stems from SCDC/Government FBI etc. using the Plaintiff as

bait to build a[n] intelligence/snitch network via cellphones with inmates." (ECF

No. 1-1 at 15–16). *See Fishbourne II*, No. 21-cv-2964-TMC, dkt. no. 29 at 2 (D.S.C.

June 30, 2022) (dismissing for failure to state a claim Plaintiff's claims that SCDC

"enlisted various fellow inmates as part of a 'snitch network' against him" and that

"Prison officials . . . subjected him to cruel and unusual punishment by allowing him

to be assaulted and harassed"). *Fishbourne II* was filed on September 15, 2021, after

the alleged assault on August 12, 2021. *See id.* dkt. no. 1. The court agrees these

claims are duplicative and rejects this objection.

Plaintiff objects to the magistrate judge's conclusion that Defendants SCDC

and SLED are entitled to Eleventh Amendment immunity in this action because

Defendants removed this action to federal court and, therefore, waived Eleventh

Amendment immunity. (ECF No. 173 at 1). The court disagrees. *See Heyward v.*

*Tyner*, No. 2:17-cv-1545-DCN-MGB, 2017 WL 9673667, at *5 (D.S.C. Nov. 29,

2017) (noting that "the Fourth Circuit held that a State did not waive Eleventh

Amendment immunity when it voluntarily removed an action to federal court

because it had not consented to such an action in its own courts") (citing *Stewart v.*

*North Carolina*, 393 F.3d 484 (4th Cir. 2005)), *report and recommendation adopted*, No. 2:17-cv-01545-DCN, 2018 WL 1391434 (D.S.C. Mar. 20, 2018); *see also Fox v. Coll. of Charleston*, No. 2:17-cv-483-RMG, 2017 WL 2987867, at *1 (D.S.C. July 12, 2017) ("[I]f the state enjoys sovereign immunity from suit in state court, it does not waive that immunity by removing to federal court.").

Plaintiff also objects to the magistrate judge's conclusion that Plaintiff failed to exhaust his administrative remedies as required by § 1997e(a) of the Prison Litigation Reform Act ("PLRA"). (ECF No. 173 at 6–7). In particular, Plaintiff argues that this action sounds in negligence under the South Carolina Tort Claims Act and, therefore, is not subject to the exhaustion requirements of the PLRA. *Id*. at 7.

This objection goes hand-in-hand with Plaintiff's assertion that the Report fails to address Plaintiff's negligence and defamation claims under state law. *Id*. at 11–12. A review of Plaintiff's complaint reflects that Plaintiff is asserting both federal constitutional claims and state law tort claims for gross negligence and defamation. (ECF No. 1-1 at 13 ("Gross Negligence and Indifference to 8th Amendment Tort Claim Complaint"); 16 ("Defamation of Character")). With respect to Plaintiff's constitutional claims under § 1983, even assuming Plaintiff exhausted his remedies or was excused from doing so, he fails to identify a reason why the magistrate judge's numerous additional bases for dismissing the action were

erroneous.  To the extent Plaintiff is asserting common law and state law claims for negligence and defamation, the court declines to exercise supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(c).  "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has the inherent power to dismiss [a] case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *see also McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002)) ("A court may decline to exercise jurisdiction over state-law claims, where the Court has dismissed all the federal claims over which it has original jurisdiction.").  In the instant case, because the court, as set forth below, grants summary judgment in favor of Defendants as to Plaintiff's § 1983 claims, it declines, in its discretion, to exercise jurisdiction over Plaintiff's state law claims and remands them to state court.

## IV. CONCLUSION

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 171), and incorporates it herein.  Accordingly, the court **GRANTS** Defendants' motion for summary judgment (ECF No. 72) as to Plaintiff's federal claims under § 1983.  To the extent

that Plaintiff asserts claims under state law, the court declines, in its discretion, to exercise jurisdiction under § 1367(c) and remands such claims to the Court of Common Pleas for Richland County.  Moreover, for the reasons set forth in the Report, the court **DENIES** Plaintiff's motion for a temporary restraining order and/or a preliminary injunction (ECF No. 77), Plaintiff's motion for declaratory judgment (ECF No. 80), and Plaintiff's motion for joinder (ECF No. 169).  Finally, Plaintiff's motion for reconsideration of the Report and Recommendation (ECF No. 175) is **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 8, 2023

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.